**PROTECTIVE INSURANCE COMPANY, Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY, Respondent.**

No. C8–86–776.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Dec. 12, 1986.

Barbara Burke, Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Chtd., Minneapolis, for appellant.

Marlene R. Tschida, Gislason, Martin & Varpness, P.A., Edina, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment on the issue of insurance coverage. The trial court, based on stipulated facts, granted summary judgment in favor of the insurer of the owner-lessor of a leased vehicle finding that the lessee's insurance policy provided primary coverage to the driver, an employee of owner-lessor. We affirm.

## FACTS

On January 17, 1977, M.W. Ettinger Transfer and Leasing Corporation ("Ettinger") entered into a lease agreement and service contract with Pinto Trucking Service, Inc. ("Pinto"). By the terms of the agreement, Ettinger made available one of its own tractor trailer units for use in Pin-

to's interstate trucking operations. The agreement provided that the leased equipment was to be operated by an employee of Ettinger.

Pursuant to applicable Interstate Commerce Commission ("ICC") regulations and obligations under the lease, Pinto purchased a public liability insurance policy from Protective Insurance Company ("Protective") which included an ICC endorsement and also contained a "Truckmen's Endorsement." The Truckmen's Endorsement included the following pertinent provisions:

Persons Insured:

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) The named insured; * * *

    *   *   *   *   *   *

(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission;

(d) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above.

The Truckmen's Endorsement contained an additional provision setting forth circumstances under which certain persons were not considered to be insured under the policy:

None of the following is an *insured*

(i) Any person or organization, or any agent or employee thereof, other than the *named insured* or an employee thereof, engaged in the business of transporting property by automobile for the named insured or for others under any of the following conditions:

    *   *   .*   *   *   *

(3) If such person or organization so engaged is insured under an automobile liability insurance policy which affords coverage for automobiles hired by such person or organization but which does not insure on a direct primary basis the owners of such automobiles and the agents and employees of such owners while such automobiles are being used exclusively in the business of such person or organization and over a route such person or organization is authorized to serve by federal or public authority; or

    *   *   *   *   *   *

Provided, however, a driver or other person furnished to the named insured with an automobile hired by the named insured shall be deemed not to be an employee of the named insured * * *.

On February 15, 1978, the tractor trailer unit leased by Pinto was being operated by Ettinger's employee, Timothy Trost, when it was involved in a collision with Robert Fulton. At the time of the accident, Trost was operating on one of Pinto's approved routes, hauling cargo for Pinto.

Robert Fulton sustained personal injuries and made claims against Trost and Pinto (but not against Ettinger). Protective defended the lawsuit brought by Fulton and eventually settled with the consent and approval of Transamerica Insurance Co. ("Transamerica"), Ettinger's insurer. Transamerica was asked to defend in the matter but declined on the basis that the coverage provided by Protective's policy was primary for the Fulton claims. Protective then brought a declaratory judgment action to determine whether Transamerica was required to indemnify Protective.

The trial court, finding that Protective's insurance policy provided primary coverage to Trost, granted summary judgment in favor of Transamerica. Protective appeals from that judgment.

## ISSUE

Did the trial court err in determining that the insurer of the owner-lessor of a tractor-trailer unit was not required to reimburse the insurer of the lessee of the unit for payments made to an injured third party as a result of an accident in which an

employee of the owner-lessor was driving the leased vehicle for the lessee?

## ANALYSIS

Both parties agree that Trost is an insured under the "Persons Insured" provision of appellant's policy. However, appellant claims Trost was excluded from coverage by virtue of paragraph (i)(3) of the Truckmen's Endorsement in appellant's policy. Appellant argues that paragraph (i)(3) of the endorsement provides that Trost is an insured under appellant's policy only if respondent's policy would have covered Pinto in a reverse situation. Since respondent's policy specifically denied coverage in the reverse situation, appellant contends Trost was not insured by appellant.

The trial court disagreed with this interpretation and construed the endorsement to provide that if Trost was not an employee of Pinto, then he was not covered under the policy if one of the conditions listed in (i)(1) through (4) applied. Conceding that Trost was not an employee of Pinto, the court read paragraph (i)(3) to mean that if Ettinger had hired the vehicle involved in the accident rather than owned it, and had used it exclusively in Ettinger's business, then Trost would not have been insured. Ettinger having owned the vehicle, and used it exclusively in Pinto's business on Pinto's authorized routes, the trial court concluded that the Truckmen's Endorsement did not apply to exclude Trost from coverage. Appellant claims the trial court misconstrued paragraph (i)(3) of appellant's policy in finding that Trost was insured by Protective.

The function of the court reviewing a summary judgment is to determine whether there are any issues of material fact for trial and whether the court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). While ordinarily all evidentiary doubts are resolved against the party to whom summary judgment has been granted, where the parties have agreed there is no evidentiary doubt to be resolved, the lower court's determination is to be sus-

tained unless it is without reasonable support in the evidence. *T.E. Iberson Co. v. American & Foreign Ins. Co.*, 346 N.W.2d 659, 661 (Minn.App.1984) (citing *Telex Corp. v. Data Products Corp.*, 271 Minn. 288, 291, 135 N.W.2d 681, 685 (1965)).

The facts in this case are undisputed, and the only issue is whether the trial court reasonably construed the policy provisions. An insurance policy is a contract, and the court's function is to analyze the terms of the policy and enforce them to give effect to the intent of the parties. *T.E. Iberson Co.*, 346 N.W.2d at 661. The trial court concluded from the language of appellant's policy of insurance, and the intent of the parties, that the lessor's driver, Trost, was insured under the lessee's policy. This is a reasonable interpretation of the contract provision and as such will not be overturned on review.

## DECISION

The trial court did not err in determining that appellant's insurance policy afforded coverage to the lessor's employee as driver of a leased vehicle for the lessee. Appellant-lessee is not entitled to indemnification from respondent-lessor for money paid to a third party as a result of an accident.

Affirmed.